**HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.**
Sepehr Daghighian (SBN 239349)
sd@hdmnlaw.com
Kevin Y. Jacobson (SBN 320532)
kj@hdmnlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067

Attorneys for Plaintiff,
**JONATHAN S. SCEMAMA**

**LEHRMAN LAW GROUP**
Kate S. Lehrman (SBN 123050)
Benson Y. Douglas (SBN 206742)
Anthony Paul Greco (SBN 296398)
12121 Wilshire Boulevard, Suite 1300
Los Angeles, CA 90025

Attorneys for Defendant,
**MERCEDES-BENZ USA, LLC**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN S. SCEMAMA, an individual,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:19-cv-02146-GW-RAO<br><br>**JOINT REPORT OF EARLY MEETING FRCP 26(f) REPORT** |

### A. THE PRE-CONFERENCE EARLY MEETING OF COUNSEL

Counsel for the parties held a telephone conference on May 2, 2019. The conference was attended by the following counsel of record:

- Kevin Y. Jacobson on behalf of the Plaintiff.
- Anthony P. Greco on behalf of the Defendant.

At the conference, the Parties discussed each of the matters set forth below.

### B. BRIEF SUMMARY OF CLAIMS

*Plaintiff's View*:

Plaintiff filed this action on February 8, 2019 in the Superior Court of California, Los Angeles. The Complaint states one claim for violation of the Song-Beverly Act - breach of express warranty, one claim for violation of the Song-Beverly Act – breach of implied warranty. The case was removed to the United States District Court of the Central District of California on March 21, 2019 by Defendant.

This case involves a new 2017 Mercedes-Benz G63W4, purchased on February 24, 2017, by Plaintiff from Mercedes Benz of Beverly Hills, and disrupted and warranted by Defendant MERCEDES-BENZ USA, LLC (hereinafter "**MBUSA**"). Plaintiff contends that the vehicle was not repaired to conform to the express warranty despite Mercedes-Benz being given a reasonable number of attempts to repair the vehicle during the warranty period. Plaintiff contends that the vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, the engine, transmission, structural issues, and abnormal oil consumption. In fact, Plaintiff's vehicle suffered such serious defects relating to transmission leaks, that the vehicle abruptly caught on fire while driving down the freeway. The vehicle was destroyed in the fire.

Plaintiff contends Defendant violated the express and implied warranties extended by MBUSA. Plaintiff further seeks rescission of the purchase agreement.

Plaintiff also contends that MBUSA violated Section 1794(e) of the Song Beverly Act when it willfully denied Plaintiff's repurchase request. Plaintiff contends that MBUSA was given multiple opportunities to repurchase the vehicle but failed to do so. In fact, Plaintiff contends that MBUSA inspected the subject vehicle after it was destroyed in the fire and still refused to offer a repurchase of the vehicle. Plaintiff seeks civil penalties for the willful violation. In addition, Plaintiff seeks incidental and consequential damages, collateral damages, and attorney fees.

*Defendant's View*:

Defendant denies the essential allegations of the Complaint. MBUSA contends that it provided Plaintiff with full and timely service and that MBUSA repaired any verifiable concerns covered by its respective warranties within a reasonable number of repair attempts. MBUSA contends that any issues with the vehicle were caused by Plaintiff's unauthorized or unreasonable use of the vehicle. MBUSA further contends that the Subject Vehicle was fit for the ordinary purposes for which vehicles are used and that the use, value and safety of the vehicle were not substantially impaired. Defendant contends that it is not liable for breach of express warranty or the implied warranty of merchantability under the Song-Beverly Warranty Act.

**C.   CONTEMPLATED AMENDMENTS TO PLEADINGS/JOINDER OF ADDITIONAL PARTIES**

Plaintiff may amend the complaint to add relevant federal causes of action, including violation of the Magnuson-Moss Warranty Act.

At this time, the parties do not intend to join additional parties. Discovery is ongoing. Plaintiff reserve the right to supplement this section as needed.

**D.   SUMMARY OF UNCONTESTED AND CONTESTED FACTS**

**Uncontested Facts:**

- Plaintiff purchased a new 2017 Mercedes G63W4 on February 24, 2017, from Mercedes Benz of Beverly Hills, Beverly Hills, California.

- Plaintiff presented the subject vehicle to Mercedes Benz of Beverly Hills on October 24, 2017.
- Plaintiff presented the subject vehicle to Mercedes Benz of Beverly Hills on March 28, 2018.
- Mercedes-Benz of Beverly Hills was an authorized Mercedes-Benz repair facility for purposes of the Song-Beverly Consumer Warranty Act.
- This case was filed on February 8, 2019.

**Contested Facts:**

- Whether the Plaintiff's vehicle had a defect covered by the express written limited warranty that substantially impaired the vehicle's use, value or safety.
- Whether the Subject Vehicle was serviced for engine and transmission problems.
- Whether Mercedes-Benz or its authorized repair facility failed to repair the alleged defect to match the express written limited warranty after a reasonable number of opportunities to do so.
- If Mercedes-Benz or its authorized repair facility failed to repair the alleged defect to match the express written limited warranty, did Mercedes-Benz fail to replace or repurchase the vehicle.
- Whether the subject vehicle caught on fire as a result of a defect with the subject vehicle.
- Whether the subject vehicle caught fire due the unreasonable or unauthorized use by plaintiff.
- Does MBUSA have a defense to Plaintiff's claim that it failed to promptly replace or repurchase Plaintiff's vehicle.
- Whether Defendant's failure to repurchase the vehicle is a violation of the Song-Beverly Act.
- Whether Defendant's violation of the Song-Beverly Act was willful.

**E. SUMMARY OF LEGAL ISSUES:**

This matter is governed by the Song-Beverly Act and California. If this matter is not remanded procedural aspects of this matter will be governed by federal law.

Plaintiff asserts the Subject Vehicle qualifies for repurchase under Song-Beverly because it was delivered to Plaintiff with defects that substantially impair the vehicle's use, safety, and value and Defendant failed to conform the vehicle to its warranties after a reasonable opportunity to repair. Plaintiff requested a vehicle buyback, which was denied by Defendant. Defendant's refusal to repurchase the Subject Vehicle was a willful violation of Song-Beverly and, as such, Plaintiff is entitled to civil penalties.

Discovery is ongoing. The Parties reserve the right to supplement this section as needed.

**F. STATUS OF ALL MATTERS WHICH ARE PRESENTLY SET BEFORE THE COURT.**

All parties have been served.

The Scheduling Conference is scheduled for May 23, 2019 at 8:30 a.m.

There are no other hearings currently pending.

**G. ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

**PROPOSED TRIAL TIMELINE**

| Matter/Event | Proposed Date | Court Order |
|---|---|---|
| Initial Disclosures | June 6, 2019 | |
| Completion of Factual Discovery | November 8, 2019 | |
| Last Day to Hear Factual Discovery Motions | December 10, 2019 | |
| Designation of Experts with Reports | January 3, 2020 | |
| Completion of Expert Discovery | February 21, 2020 | |
| | | |

| Last Day to Hear Dispositive Motions | February 21, 2020 | |
|---|---|---|
| Last Day to File Motions in Limine | March 2, 2020 | |
| Final Pretrial Conference | March 16, 2020 | |
| Trial (Jury Trial) | March 30, 2020 | |

**(2)  Subjects on Which Discovery May Be Needed:**

*Plaintiff's view*: The scope of anticipated discovery shall include, without limitation, the complete vehicle history of the subject vehicle including all repairs; All documents communications between Plaintiff and Defendant MBUSA ("Defendant") and/or any of its agents, representatives, etc. including but not limited to all Defendant's dealerships; All of Defendant's internal communications regarding Plaintiff's vehicle and any parts and/or components thereof; All documents and communications between Defendant and any third parties (including Defendant's dealerships, service centers, call-centers, customer service hotlines, third party dispute resolution entities) regarding Plaintiff's vehicle and any parts and/or components thereof; All documents and communications regarding Defendant's consideration and denial of Plaintiff's buyback request; All policies and procedures of Defendant with regard to repeat repairs and the reporting and handling of customer complaints and/or requests for buyback; Information regarding all buybacks of the 2017 Mercedes-Benz G63 with complaints similar to those experienced by Plaintiff; Information regarding all customer complaints regarding the 2017 Mercedes-Benz G63 from customers who experienced complaints similar to those experienced by the Plaintiff.

Plaintiff also intends to take the depositions of dealership and service center personnel that are identified in repair orders and the retail installment sales contract and Rule 30(b)(6) designees and/or persons most knowledgeable.

Plaintiff intends to depose any experts designated by Defendant and will assess the need to designate any experts in support of their own case. Discovery is ongoing. Plaintiff reserves the right to supplement this section as needed.

*Defendant's View:*

MBUSA will conduct discovery on the sale transaction underlying Plaintiff's purchase of the Subject Vehicle, Plaintiff's driving record, any insurance claims made on the vehicle, the amount paid by Plaintiff for the Subject Vehicle, the condition of the Subject Vehicle, Plaintiff's experiences with the Subject Vehicle and the efforts to repair it, and inspection of the Subject Vehicle by MBUSA's expert. MBUSA's discovery will include the deposition of Plaintiff as well as any other witnesses revealed during discovery who claim to have observed Plaintiff's alleged complaints regarding the Subject Vehicle, as well as any individuals who have driven the subject vehicle while owned by Plaintiff. MBUSA will also propound requests for admissions, written interrogatories and document demands.

In connection with its initial disclosure, Defendant will produce documents containing all of the pertinent information regarding Plaintiff's vehicle during Plaintiff's ownership. These documents are:

(a) The repair orders for Plaintiff's vehicle during Plaintiff's ownership, showing the work done on the vehicle by the dealership(s) to which Plaintiff took her vehicle for service including electronic testing of the vehicle;

(b) The customer relations file for Plaintiff's vehicle during Plaintiff's ownership, showing Plaintiff's contacts with MBUSA;

(c) The warranty history of Plaintiff's vehicle during Plaintiff's ownership, which shows the work done regarding Plaintiff's vehicle under warranty;

(d) The Service and Warranty Information Booklet for Plaintiff's vehicle;

(e) The Owner's Manual for the vehicle; and

(f) The purchase agreement and attendant documents constituting the vehicle "deal jacket" as received from Mercedes-Benz of Beverly Hills.

**(3) Whether Discovery Should be Conducted in Phases:**

The parties agree that discovery need not be conducted in phases.

**(4) Whether discovery should be limited to or focused on particular issues :**

*Plaintiff's view:* The scope of anticipated discovery shall include, without limitation, the complete vehicle history of the subject vehicle including all repairs; All documents communications between Plaintiff and Defendant Mercedes-Benz ("Defendant") and/or any of its agents, representatives, etc. including but not limited to all Defendant's dealerships; All of Defendant's internal communications regarding Plaintiff's vehicle and any parts and/or components thereof; All documents and communications between Defendant and any third parties (including Defendant's dealerships, service centers, call-centers, customer service hotlines, third party dispute resolution entities) regarding Plaintiff's vehicle and any parts and/or components thereof; All documents and communications regarding Defendant's consideration and denial of Plaintiff's buyback request; All policies and procedures of Defendant with regard to repeat repairs and the reporting and handling of customer complaints and/or requests for buyback; Information regarding all buybacks of the 2017 Mercedes-Benz G63 with complaints similar to those experienced by Plaintiff; Information regarding all customer complaints regarding the 2017 Mercedes-Benz G63 from customers who experienced complaints similar to those experienced by the Plaintiff.

Plaintiff also intends to take the depositions of dealership and service center personnel that are identified in repair orders and the retail installment sales contract and Rule 30(b)(6) designees and/or persons most knowledgeable.

Plaintiff intends to depose any experts designated by Defendant and will assess the need to designate any experts in support of their own case. Discovery is ongoing. Plaintiff reserves the right to supplement this section as needed.

*Defendant's view:*

The issue before the jury in this type of case is whether Plaintiff's vehicle had a defect, covered by the warranty, which substantially impaired the use, value or safety of the vehicle that MBUSA was unable to repair after a reasonable number of

attempts. *See Krotin v. Porsche Cars North America, Inc.* (1995) 38 Cal. App.4th 294, 304. The relevant evidence on this issue consists of the service records for the Plaintiff's vehicle during Plaintiff's ownership. *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 185-86, accord, *Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041, 1051-52; *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 815-16. It is Defendant's position that discovery should be limited to the relevant inquiry in this case and to documents or information related to Plaintiff's vehicle. Having reviewed the scope of discovery which plaintiff intends to conduct, Defendant believes the following categories "[1] Information regarding all buybacks of the 2017 Mercedes-Benz G63 with complaints similar to those experienced by Plaintiff; [2] Information regarding all customer complaints regarding the 2017 Mercedes-Benz G63 from customers who experienced complaints similar to those experienced by the Plaintiff" are not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of the case, considering the amount in controversy and the fact that the burden and expense of the discovery outweighs any likely benefit

**(5) Changes in the Limitations On Discovery Imposed under the Federal Rules**

The parties do not believe that any changes should be made to the limitations on discovery imposed by the federal rules.

**(6) Discovery Outside the United States**

The parties do not anticipate the need to conduct discovery outside of the United States. Discovery is ongoing and the parties reserve the right to supplement this section.

**(7) Video/Sound Recording of Depositions**

The parties reserve the right to make video and/or sound recordings of depositions.

**(8) Discovery of Electronic Data**

*Plaintiff's view:*

Plaintiff will seek discovery of computer-based information related to the following categories, without limitation:

- Repurchase policies and procedures;
- Information related to repurchases of 2017 Mercedes-Benz G63 exhibiting symptoms similar to Plaintiff's vehicle;
- Consumer complaints related to 2017 Mercedes-Benz G63 Sahara exhibiting symptoms similar to Plaintiff's vehicle;
- Warranty information;
- Warranty inquiries related to 2017 Mercedes-Benz G63 exhibiting symptoms similar to Plaintiff's vehicle;
- Repair history;
- Diagnostic codes;
- Defect analysis;
- Rate and frequency of repairs;
- Technical service bulletins ("TSBs");
- Recall bulletins;
- Failure mode analysis;
- Root cause of various symptoms and part failure;
- Pre-release research;
- Emails discussing pre-release research, TSBs, and Recalls.

Discovery is ongoing. Plaintiffs reserve the supplement this section as needed.

*Defendant's view:*

The relevant evidence on this issue consists of the service records for the Plaintiff's vehicle during Plaintiff's ownership. *Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 185-86, accord, *Lukather v. General Motors, LLC* (2010) 181 Cal.App.4th 1041, 1051-52; *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 815-16. It is Defendant's

position that discovery should be limited to the relevant inquiry in this case and to documents or information related to Plaintiff's vehicle. Any electronic discovery should be focused on relevant information related to Plaintiff's vehicle.

Defendant will produce relevant electronic information in PDF format, which is the only format that is reasonably accessible for electronically stored information currently foreseen. Should any issues arise, the Defendant agrees to meet and confer with respect to the disclosure or discovery of electronically stored information, and to use its best efforts to produce electronically stored information in the format preferred by the requesting party.

**(9) Potential Witnesses**

*Plaintiff's View*:

Plaintiff intends to depose service advisors and service technicians at any Mercedes-Benz authorized service facility that may have been involved in relevant repair attempts, as well as an as yet unidentified Rule 30(b)(6) deponent from any relevant Mercedes-Benz authorized service facility regarding relevant policies and procedures implemented by said facility and/or Mercedes-Benz. Plaintiff also intends to depose a Rule 30(b)(6) deponent from Mercedes-Benz regarding the Lemon Law policies and procedures, including assessing and approving/denying repurchase or replacement requests. Plaintiff may also seek to depose the call center employees involved in Mercedes-Benz's decision to deny Plaintiff's repurchase request. Plaintiffs also intend to depose any expert designated by Defendant.

*Defendant's View:*

Defendant will conduct a deposition of the plaintiff as well as any other witnesses revealed during discovery who claim to have observed Plaintiff's alleged complaints regarding the Subject Vehicle, as well as any individuals who have driven the subject vehicle while owned by Plaintiff. Defendant intends to depose any expert designated by plaintiff.

**(10) Expert Issues**

The parties anticipate the use of experts in connection with automotive mechanics and vehicle fire analysis related to Plaintiff's subject vehicle.

**(11) Whether a Protective Order Will Be Needed in this Case**

Plaintiff does intent to seek a protective order. Plaintiff will use a standard protective order.

Defendant may seek a protective order if Plaintiff seeks trade secret proprietary documents, or other irrelevant or unduly burdensome materials.

**H.  TRIAL ESTIMATE:**

The parties request a 5-7 day jury trial.

**I.  PROPOSED TRIAL TIMELINE (INCLUDING MOTION AND DISCOVERY CUT-OFF DATES, PRETRIAL CONFERENCE AND TRIAL)**

See Proposed Trial Timeline

**J.  SPECIAL MASTER OR MAGISTRATE JUDGE:**

The parties do not mutually agree to consent to magistrate judge jurisdiction.

**K.  PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES DUE TO THE SPECIAL NATURE OF THE CASE:**

The parties do not believe that modification of standard pretrial procedures is required.

**L.  WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY INVOLVING BANKRUPTCY**

This matter is not related to any other case.

**M.  PROSPECTS FOR SETTLEMENT:**

Plaintiff will consent to a settlement conference with the magistrate judge assigned to this case.

Defendant is amenable to private mediation and defendant would consent to the attorney ADR panel or a magistrate judge for purposes of a settlement conference.

**N.    INSURANCE**

Defendant does not maintain any insurance coverage that would apply to this matter.

**O.    OTHER ISSUES:**

The Parties do not anticipate any other issues. Discovery is ongoing. The Parties reserve the supplement this section as needed.

Dated:  May 9, 2019

                               **HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.**

                               /S/Sepehr Daghighian
                               Sepehr Daghighian, Esq.
                               Attorneys for Plaintiff,
                               **JONATHAN S. SCEMAMA**